```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JENNIFER MYERS, individually and on behalf              To Be Filed Under Seal
of all others similarly situated,

                            Plaintiffs,                 MEMORANDUM OF DECISION
                                                        AND ORDER
                                                        02-CV-4325 (DRH) (MLO)
        - against -
                                                        FILED
                                                        IN CLERK'S OFFICE
THE HERTZ CORPORATION, a Delaware                       U.S. DISTRICT COURT E.D.N.Y
Corporation,
                                                        ★   MAY 18 2006    
                            Defendant.
----------------------------------------------------------------X
APPEARANCES:                                            LONG ISLAND OFFICE
```

**For the Plaintiff:**
**Abbey Gardy, LLP**
212 East 39th Street
New York, New York 10016
By: Stephen T. Rodd, Esq.
    Stephanie Amin-Giwner, Esq.
    Lidia Kryzaniwsky, Esq.

**Stein Bogot Ltd.**
33 North LaSalle Street, 29th Floor
Chicago, Illinois 60602
By: Robert Stein, Esq.

**For the Defendant:**
**Epstein Becker & Green, P.C.**
250 Park Avenue
New York, New York 10177
By: Kenneth W. DiGia, Esq.

**Constangy Brooks & Smith, LLC**
230 Peachtree Street, N.W., Suite 2400
Atlanta, Georgia 30303
By: Frank B. Shuster, Esq.

**HURLEY, District Judge:**

       Plaintiff Jennifer Myers, on behalf of herself and all others similarly situated

(collectively "Plaintiffs"), moves for an Order, pursuant to 29 U.S.C. § 216(b), granting Plaintiffs leave to send notice of this action to all potential opt-in plaintiffs. For the reasons that follow, Plaintiffs' motion is denied.

## *BACKGROUND*

The background of this case is set forth in this Court's March 15, 2005 Memorandum of Decision and Order (the "March 15, 2005 Order") and March 27, 2006 Memorandum of Decision and Order (the "March 27, 2006 Order"), familiarity with which is assumed. Thus, the Court will only state the facts necessary for disposition of the instant motion.

The Hertz Corporation ("Defendant" or "Hertz") operates rent-a-car facilities at all major metropolitan and regional airports in the United States. Plaintiff Jennifer Myers ("Myers") is employed as a Station Manager at Hertz's Long Island rental operation. On August 1, 2003, she filed this action, on behalf of herself and all current and former Hertz employees classified as Station Managers, for unpaid overtime pursuant to the Federal Fair Labor Standard Act ("FLSA") and the New York State Labor Laws. Subsequent to Myers filing this action, four other Station Managers who worked with her at the Long Island rental operation opted into this action. Plaintiffs claim that Hertz has improperly labeled them as managers and thus they are not fairly compensated with overtime pay. Defendant maintains that the duties and responsibilities of Station Managers clearly establish that they are "exempt managerial employees" who are not entitled to overtime pay.

In the March 15, 2005 Order, the Court, inter alia, denied Defendant's motion for summary judgment on Plaintiffs' FLSA claim, finding that there were disputed issues of material

fact as to Plaintiffs' exempt status. In the March 27, 2006 Order, the Court granted Defendant's motion for reconsideration. Upon reconsideration, the Court found that although Defendant had established that Plaintiffs were salaried employees within the meaning of the relevant exemption, Hertz had not demonstrated that Plaintiffs were exempt employees as a matter of law because there were material issues of disputed fact as to whether Plaintiffs' primary duty was managerial. Accordingly, Defendant's motion for summary judgment on the FLSA claim was denied.

Plaintiffs now seek to expand this suit into a "collective action" as contemplated by the FLSA. Essentially, they move for an Order directing Hertz to provide the names, last known addresses, and telephone numbers of all their employees in the Station Manager positions at any time from August 1, 1999 to the present and authorizing court-approved notice to be mailed to such individuals to obtain their written consent to join as plaintiffs in this action.[1] For the reasons discussed below, Plaintiffs' motion is denied.

## DISCUSSION

### I.   *Applicable Legal Principles Under the FLSA*

Section 216(b) of the FLSA provides, in pertinent part, as follows:

> An action . . . may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). It is well-settled that pursuant to section 216(b), courts have the discretion to authorize the sending of notice to potential members of a "collective action." *See Mike v.*

---

[1] According to Hertz, from February 16, 2000 to June 2, 2005, a total of 2,285 people have been employed by Hertz as Station Managers nationwide. (Def.'s Mem. at 2.)

3

*Safeco Ins. Co. of Am.*, 274 F. Supp. 2d 216, 219 (D. Conn. 2003) (citations omitted); *see also Masson v. Ecolab, Inc.*, No. 04 Civ. 4488, 2005 WL 2000133, at *13 (S.D.N.Y. Aug. 17, 2005) ("A court has the discretion to authorize notification to 'similarly situated' potential plaintiffs and to direct an employer defendant to disclose the names and addresses of those parties.").

Unlike a class action pursuant to Federal Rule of Civil Procedure 23 ("Rule 23"), section 216(b) requires that employees affirmatively opt-in to an FLSA collective action by filing a written consent. *See id.*; *see also Morales v. Plantworks, Inc.*, No. 05 Civ. 2349, 2006 WL 278154, at *1 (S.D.N.Y. Feb. 2, 2006); *Mazur v. Olek Lejbzon & Co.*, No. 05 Civ. 2194, 2005 WL 3240472, at *4 (S.D.N.Y. Nov. 30, 2005). Moreover, the requirements of Rule 23 do not apply to the approval of a collective action and, therefore, no showing of numerosity, typicality, commonality, and representativeness need be made. *Id.* "Rather, in deciding whether to authorize a collective action notice under the FLSA, the only issue for the Court is whether plaintiffs have demonstrated that potential class members are 'similarly situated.'" *Id.* (citations and internal quotation marks omitted); *see also Patton v. Thomson Corp.*, 364 F. Supp. 2d 263, 266-67 (E.D.N.Y. 2005) ("The threshold issue in deciding whether to authorize such opt-in notice is to determine whether other employees to whom such notice might be sent are 'similarly situated.'") (citation and internal quotation omitted).

Neither the FLSA nor its implementing regulations define "similarly situated." *Hoffman v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997). In this Circuit, "courts have held that plaintiffs can meet this burden by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Id.*; *see also Braunstein v. Eastern Photographic Labs, Inc.*, 600 F.2d

4

335, 336 (2d Cir. 1978) (noting that court's authority to send notice to "similarly situated" employees "comports with the broad remedial purpose of the Act, which should be given a liberal construction, as well as with the interest of the courts in avoiding multiplicity of suits"); *Morales*, 2006 WL 278154, at *2 (applying above definition of "similarly situated"); *Mazur*, 2005 WL 3240472, at *4 (same); *Patton*, 364 F. Supp.2d at 267 (same).

Courts typically employ a two-part process in certifying a collective action. *See, e.g., Flores v. Osaka Heath SPA, Inc.*, No. 05 Civ. 962, 2006 WL 695675, at *2 (S.D.N.Y. Mar. 16, 2006). Once a court finds that the putative plaintiffs are similarly situated to the named plaintiffs, the court conditionally certifies the class and permits notice to be sent to the proposed plaintiffs. *See id.*; *Morales*, 2006 WL 278154, at *1. During the second stage, the employer can move to decertify the class if discovery reveals that the plaintiffs are not similarly situated. *See, e.g., Flores*, 2006 WL 695675, at *2; *Morales*, 2006 WL 278154, at *1; *Patton*, 364 F. Supp. 2d at 268.

## II.     *The Station Managers are not Similarly Situated*

Plaintiffs' motion is premised upon a uniform Hertz policy, viz. Corporate Policy 2-50, pursuant to which all Station Managers have been classified as exempt employees who are not entitled to overtime. The policy provides as follows:

> Exempt Employees
>
> The 1938 Fair Labor Standards Act establishes employees performing the following general classes of duties as EXEMPT from provisions of statutes governing minimum wages and overtime.
>
> 1.      Executive Employees - Those whose work is essentially supervisory and who meet the following criteria:

      a.    Basic salary of at least $155 weekly ($335.84 semi-monthly) and

      b.    Manage the Company or any recognized branch, department, or subdivision thereof, and

      c.    Customarily and regularly direct the work of two or more employees, and

      d.    Have authority to hire or fire or make authoritative recommendations with respect to hiring, firing, advancement or any other change of status of employees, and

      e.    Customarily and regularly use discretion and judgment in the performance of their work, and

      f.    Devote less than 20% of hours worked in the work week to activities which are not closely related to the performance of work described above.

NOTE: An employee with a basic salary of not less than $250 weekly, ($541.67 semi-monthly) whose primary duty consists of the management of the enterprise in which he/she is employed, or of a recognized department, branch or subdivision thereof which includes the customary direction of the work of two or more other employees, is considered an EXEMPT employee.

(Aff. of Stephen T. Rodd, dated May 6, 2005, Ex. A.)[2]

Plaintiffs argue that because Hertz improperly classifies *all* of its Station Managers as exempt pursuant to Corporate Policy 2-50, based on their job title alone, without regard to any variations in their job responsibilities, all Station Managers are similarly situated.[3] Defendant does not dispute that it classifies all Station Managers as exempt pursuant to Corporate Policy 2-50, nor that it does not inquire into the day-to-day activities of its Station

---

[2] The parties agree that Corporate Policy 2-50 is merely a recitation of the regulatory requirements for establishing exempt status.

[3] Plaintiffs' argument concerning Hertz's Uniform Attendance Policy will not be addressed as the Court has already found that Plaintiffs' compensation is not "subject to reduction" pursuant to this policy and the applicable regulation. (*See* Mar. 27, 2006 Order.)

Managers to determine whether they actually perform tasks commensurate with the test articulated in this policy prior to their classification.[4] Nonetheless, Hertz contends that Plaintiffs have failed to establish that the proposed plaintiffs are similarly situated.

First, Hertz argues that Plaintiffs have not proffered any evidence that the day-to-day activities of Station Managers at *other airports* fail to satisfy Corporate Policy 2-50; rather, Plaintiffs only allege that *they* did not perform such exempt activities and that their experiences may be representative of other Station Managers' experiences. Hertz further maintains that Plaintiffs have failed to submit any evidence of an unlawful policy or scheme on Hertz's behalf to evade the FLSA by misclassifying the Station Mangers as exempt. Thus, Hertz contends, Plaintiffs fail to support their claim with any factual showing that extends beyond their own circumstances.

Moreover, Hertz argues that any analysis into the similarity between Plaintiffs and proposed plaintiffs would necessarily require "an individualized and fact intensive inquiry with respect to each Plaintiff, as well as each and every putative class member, and is [therefore] not suitable for resolution in a collective action." (Def.'s Mem. at 8.) The Court will address Hertz's arguments in turn.

With respect to the limited nature of Plaintiffs' evidence, on February 28, 2003, the parties entered into a stipulation before Chief Magistrate Judge Michael L. Orenstein that

---

[4] Apparently, this is because Hertz believes that any variations do not ultimately affect the Station Managers' exempt classification as their primary duty is to oversee the rental operation. (*See* Def.'s Mem. at 11.) Hertz does contend, however, that Station Managers are subject to annual review and that if it is determined that any Station Managers are not performing their managerial duties, they are given a warning and perhaps even fired. (*Id.* at 13-14.)

7

Plaintiffs would not conduct discovery at Hertz locations other than the Long Island operation, until after this Court's denial of Hertz's summary judgment motion, should such occur, in exchange for Hertz tolling the limitations period as to potential opt-in plaintiffs. (*See* Aff. of Stephanie Amin-Gwiner, dated June 30, 2005, Ex. A.) Plaintiffs were permitted, however, to request "documents maintained at Hertz's corporate or regional locations pertaining to union grievances, administrative agency proceedings and state and federal court litigation for the past 3 years alleging that Hertz has failed to pay overtime to [Station Managers]." (*Id.*) On March 15, 2005, this Court denied Hertz' summary judgement motion.[5] Thereafter, Hertz renewed its argument that Plaintiffs should first satisfy their threshold obligation regarding opt-in certification before embarking on nationwide discovery. After a conference before Judge Orenstein, the parties again agreed to hold such discovery in abeyance and Hertz consented to continue to toll the statute of limitations until this Court rendered its decision on the present motion.

Based on the above, it is undisputed that thus far, and pursuant to stipulation between the parties, discovery has been limited to the Long Island operation with the exception of grievances, agency action, and litigation. Plaintiffs therefore claim that they should not be prejudiced for failing to come forward with information related to the putative plaintiffs as they were precluded from obtaining such discovery via stipulation. Hertz counters, however, that the discovery stipulation in no way limited Plaintiffs' ability to perform their own investigation, i.e., obtain affidavits from other current or former Station Managers, and that they were in fact

---

[5] Although the Court changed this decision in part upon reconsideration, Hertz's motion for summary judgment remains denied. (*See* March 27, 2006 Order.)

prompted to do by Judge Orenstein. (*See* Dec. 4, 2002 Tr.)

Although Defendant is correct that Plaintiffs' evidence is limited to the Hertz policy and Plaintiffs' own circumstances, given the stay on nationwide discovery, the Court is not persuaded that this is reason alone to deny the present motion. At this juncture in the litigation, the Court is merely required to make a preliminary finding that the proposed plaintiffs are similarly situated. As discussed above, such a finding may be revisited if it later appears, after appropriate discovery, that the putative plaintiffs who opt to join in the lawsuit are not, in fact, similarly situated. *See, e.g.*, *Patton*, 364 F. Supp. 2d at 268. Under such circumstances, the Court could decertify the collective class.

Nonetheless, the Court finds that Plaintiffs' motion suffers from a fatal flaw that further discovery cannot cure: because liability as to each putative plaintiff depends upon whether that plaintiff was correctly classified as exempt pursuant to Corporate Policy 2-50, any collective action would require the Court to make a fact-intensive inquiry into each potential plaintiff's employment situation. Thus, regardless of the possibility that other Station Managers are improperly being classified as exempt pursuant to Corporate Policy 2-50, any determination as to their right to overtime would require a highly individualized analysis as to whether the duties they performed fell within that exemption. Many courts, both in this Circuit and elsewhere, have declined to find potential plaintiffs similarly situated where liability depends upon such an individualized determination. *See, e.g.*, *Reich v. Homiew Distrib. Co.*, 362 F. Supp. 2d 1009, 1013 (N.D. Ind. 2005) ("[I]f this matter proceeds as a collective action, it will be impossible to come up with a class-wide determination on liability.") (internal quotation marks and citation omitted); *Holt v. Rite Aid Corp.*, 333 F. Supp. 2d 1265, 1275 (M.D. Ala. 2004)

9

("[T]he court is not satisfied that conditionally certifying a nationwide collective action, or even a regional collective action, will partake of the economy of scale envisioned by the FLSA collective action procedure" due to individualized nature of claims); *Mike*, 274 F. Supp. 2d at 220-21 ("Because the proof in this case is specific to the individual, [plaintiff] has not provided evidence of a common thread binding his proposed class of employees."); *Sheffield v. Orius Corp.*, 211 F.R.D. 411, 413 (D. Or. 2002) ("[A collective] action dominated by issues particular to individual plaintiffs can not be administered efficiently because individual issues predominate over collective concerns.").

Accordingly, the Court finds that Hertz's decision to classify all Station Managers as exempt is insufficient to warrant certification of a collective action; the merits of any proposed plaintiff's claims will turn upon evidence relating to that individual's day-to-day tasks, and not Corporate Policy 2-50.

## CONCLUSION

For all of the above reasons, the Court finds that Plaintiffs have failed to demonstrate that the putative members of the collective action are similarly situated. Accordingly, Plaintiffs' motion is denied.

**SO ORDERED.**

Dated: May 18, 2006
      Central Islip, New York
                                                         /s_____
                                                         Denis R. Hurley,
                                                         United States District Judge